UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH GUZZO,

    Plaintiff,

v.                                             Case No:   8:15-cv-539-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Joseph Guzzo, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for DIB on January 24, 2012, alleging disability beginning December 31, 2011, due to lower back pain, stenosis, sleep apnea, arthritis, asthma, depression, and obesity. (Tr. 61, 163, 169, 204). Plaintiff's application was denied initially on August 24, 2012. (Tr. 91-102). Plaintiff requested a hearing and an administrative hearing was held before Administrative Law Judge Janet Mahon (the "ALJ") on March 20, 2013. (Tr. 37-60, 103-04). On August 1, 2013, the ALJ entered an unfavorable decision finding that Plaintiff was not disabled. (Tr. 21-36). Plaintiff appealed the ALJ's decision and, on January 5, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 10, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2011, through his date last insured of December 31, 2012. (Tr. 26). At step two, the ALJ found that Plaintiff had the following severe impairments through the date last insured: spinal or cervical stenosis, obesity, and carpal tunnel. (Tr. 26). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments

that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") through the date last insured to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant could stand/walk up to 2 hours in an eight hour workday and could sit up to 6 hours in an eight hour workday. In addition, the claimant needed to avoid concentrated exposure to extreme cold, heat, wetness, humidity, and fumes/odors/gases/poor ventilation. He could perform frequent handling/fingering bilaterally.

(Tr. 27). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a bus driver, taxi driver, and van driver. (Tr. 30). At step five, the ALJ relied upon the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically occupations of document preparer, order clerk, and final assembler. (Tr. 31). The ALJ concluded that Plaintiff had not been under a disability at any time from December 31, 2011, the alleged onset date, through December 31, 2012, the date last insured. (Tr. 32).

## II.     Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by according little weight to the opinions of Plaintiff's treating and examining physicians and by relying on her own lay opinion; (2) whether the credibility determination is supported by substantial evidence; and (3) whether the ALJ erred by relying on the testimony of the vocational expert elicited in response to an incomplete hypothetical question. (Doc. 17 p. 1). The Court begins with the first issue.

In formulating Plaintiff's RFC, the ALJ accorded little weight to the opinions of treating physician Laila Farhat, M.D., and examining neurologist Dimitriy Grinshpun, M.D., and no weight

to the opinion of pain management physician Elizabeth Chandler, M.D. (Tr. 28-30). The ALJ did not rely on any other opinion evidence as there was no other opinion in the record.

Plaintiff argues that the ALJ erred by failing to accord the opinions of Dr. Farhat and Dr. Grinshpun greater weight and by improperly relying on her own lay opinion over those of medical sources. (Doc. 17 p. 8-9). Plaintiff argues that contrary to the ALJ's finding, Dr. Farhat's opinion is supported by significant objective findings. (Doc. 17 p. 10-11). Plaintiff contends that the ALJ's reasons for rejecting Dr. Grinshpun's opinion do not hold up to scrutiny given the consistency between Dr. Grinshpun's examination findings and other treatment evidence and Dr. Grinshpun's opinion. (Doc. 17 p. 11-12). In response, Defendant argues that the ALJ provided good reasons, supported by substantial evidence, for giving little weight to the respective opinions of Dr. Farhat and Dr. Grinshpun. (Doc. 19 p. 10, 13).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The Court begins with the ALJ's treatment of Dr. Farhat's opinion. The record indicates that Plaintiff presented to Dr. Farhat on September 10, 2011. (Tr. 236-37). Dr. Farhat noted that Plaintiff reported needing to use the bathroom "a lot" and that he was experiencing back pain that

radiated down his legs with leg swelling. (Tr. 236). Dr. Farhat noted that Plaintiff had a hard time walking, could not sit down because he had a difficult time getting up from chairs, had shortness of breath with movement, and that Plaintiff's legs were "huge" with swelling in both feet. (Tr. 236).

On September 24, 2011, Plaintiff visited Dr. Farhat. Plaintiff reported swelling and heaviness in his legs with a lack of energy and an inability to walk. (Tr. 235). Dr. Farhat observed "huge" legs with edema. (Tr. 235). Dr. Farhat assessed edema in both legs, sleep apnea, obesity, no appetite, and disc herniation at L5-S1 level with disc herniation and radiating pain. (Tr. 235).

Plaintiff returned to Dr. Farhat on January 12, 2012. Plaintiff reported a burning sensation on his lower left side, numbness in both hands, and tiredness even with use of his CPAP machine. (Tr. 233). Plaintiff indicated he was working six hours per day. (Tr. 233). Dr. Farhat observed Plaintiff had difficulty getting up from a seated position, recommended he stop work and not drive, and prescribed Celebrex, Prozac, and a power scooter. (Tr. 233).

On June 14, 2012, Guzzo reported his sleep apnea was better with his CPAP machine but he still experienced pain in his back and legs as well as heaviness in his legs. (Tr. 232). Dr. Farhat referred him to pain management, but indicated he was unable to take strong pain medications because he drove during the day. (Tr. 232).

On June 14, 2012, Dr. Farhat completed an RFC Questionnaire form on behalf of Plaintiff. (Tr. 250-51). Dr. Farhat opined that Plaintiff was able to sit for 15 minutes at one time and for two hours total, stand or walk for five minutes at one time and for no hours total, would need to recline or lie down during the workday in excess of normal breaks, and would need an unscheduled half-hour break every four hours. (Tr. 250). Dr. Farhat also opined that Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently, would likely be absent from

work more than four times per month due to his impairments, and was limited to using his hands and fingers 60 percent of the workday and his arms 30 percent of the workday. (Tr. 251).

In her decision, the ALJ explained her decision for according little weight to Dr. Farhat's opinion as follows:

> Dr. Laila Farhat felt that the claimant should be off work as he was dangerous to himself and others. In a June 2012 residual functional capacity questionnaire, Dr. Farhat opined that the claimant was essentially limited to less than sedentary work in that he could not stand or walk at all during an 8-hour work day and could sit for only 2 hours in an 8 hour workday. She further stated that the claimant could not work a full time job and would miss more than 4 days of work a month. The undersigned gives little weight to this opinion as Dr. Farhat apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. The doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. Physical examination records are extremely sparse and infrequent, only indicating that the claimant was obese and had a hard time getting up from sitting positions (Exhibit 2F and 3F)

(Tr. 29).

If an ALJ concludes that a treating physician's medical opinion should be accorded less than substantial or considerable weight, "good cause" must be shown for discounting it. *Lewis v. Callahan*, 125 F. 3d at 1440. "The Eleventh Circuit has concluded that "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004 Failure to clearly articulate the reasons for giving less or no weight to a treating physician's medical opinion is reversible error. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997).

In this case, the Court finds that the ALJ erred in her consideration of Dr. Farhat's opinion as the ALJ failed to provide good cause for according only little weight to the opinion. While the

ALJ stated her reasons for according only little weight, she failed to sufficiently articulate her rationale for doing so, providing only conclusory reasons such as that Dr. Farhat "apparently relied quite heavily on the subjective report of symptoms" and because "[t]he doctor's own report fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address this weakness." (Tr. 29). Such conclusory statements, however, are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *Reed v. Comm'r of Soc. Sec.*, 2015 WL 7688471, at *3 (M.D. Fla. Nov. 27, 2015).

Contrary to the ALJ's statement that Dr. Farhat's report failed to reveal "significant clinical and laboratory abnormalities" the record shows that the CT scan ordered by Dr. Farhat on September 19, 2011, showed, along with other findings, a broad-based disc bulge with a left paracentral disc protrusion, mild left lateral recess stenosis with encroachment on the descending left S1 nerve root, and facet arthrosis with mild bilateral neural foramina stenosis at L5-S1. (Tr. 230-31). Further, Dr. Farhat's examination notes indicated that she observed Plaintiff to have significant leg edema, difficulty standing up, and further show that Dr. Farhat recommended that Plaintiff stop working. (Tr. 233, 235).

Given the ALJ's conclusory reasons for according little weigh to Dr. Farhat's opinion and record evidence that undermines the ALJ's reasoning, the Court finds the Court finds that the ALJ's decision to accord little weight to Dr. Farhat's opinion is not supported by substantial evidence.

Turning now to the ALJ's treatment Dr. Grinshpun's opinion, the record reflects that Plaintiff was examined a single time by Dr. Grinshpun on December 15, 2012. In his Neurological Report, Dr. Grinshpun noted neurological signs including absent deep tendon reflexes except for

a +1 reflex in the biceps, positive bilateral Tinel and Phalen signs, and diminished sensation to pinprick, temperature, and vibration over the distal lower extremities. (Tr. 332). Dr. Grinshpun noted that Plaintiff's muscle power was full in all muscle groups. (Tr. 332). Dr. Grinshpun noted Plaintiff had a broad-based and cautious gait, poorly performed toe walking, heel walking, and tandem walking, a positive bilateral straight leg raise, localized hip tenderness, and multiple trigger points in the bilateral cervical paraspinals, trapezius, supraspinatous, and lumbosacral region. (Tr. 332). Dr. Grinshpun ordered an EMG of the upper and lower extremities, instructed Plaintiff to increase the dose of Celebrex and continue with gabapentin and Lyrica, and recommended physical therapy and a lumbar epidural injection. (Tr. 332). The EMG revealed moderate bilateral median nerve neuropathy at the wrist consistent with both CTS and moderate bilateral chronic multilevel lumbar radiculopathy (right worse than left) and superimposed severe diffuse axonal sensorimotor polyneuropathy. (Tr. 337).

On January 23, 2013, Dr. Grinshpun provided a physical functional assessment of Plaintiff. (Tr. 351-52). Dr. Grinshpun opined that Plaintiff was able to sit for 15 minutes at one time and for two hours total, stand or walk for ten minutes at one time and for two hours total, would need to recline or lie down during the workday in excess of normal breaks, would need the abiity to shift positions between sitting, standing, and walking at will, and would need unscheduled breaks every 15 to 30 minutes for 15 to 20 minutes each. (Tr. 351). Dr. Grinshpun opined Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently, would likely be abset from work three or four times per month due to his impairments, and was limited to using his right upper extremity 15 percent of the workday and his left upper extremity 20 percent of the workday for reaching, handling, and fingering. (Tr. 352).

In her decision, after summarizing the record pertaining to Dr. Grinshpun, the ALJ explained that she accorded little weight to Dr. Grinshpun's opinion for two reasons. First, because Dr. Grinshpun's "opinion was based on a one-time evaluation of the claimant" and, second, because the opinion was "inconsistent with evidence of the claimant's full muscle power." (Tr. 30).

While Dr. Grinshpun was a one-time examining physician whose opinion was not entitled to any particular deference, *See Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985), the ALJ was still required to state the weight given to that opinion and the reasoning behind that decision. *Winschel*, 631 F.3d at 1178-79. Here, the Court finds that the ALJ's reasoning to accord Dr. Grinshpun's opinion only little weight is not supported by substantial evidence. The fact that Dr. Grinshpun only examined Plaintiff once is a factor appropriate to be considered in determining the weight given his opinion, but it is not an independent basis to discount the opinion. This is especially the case where, as here, the one-time examiner's opinion as to Plaintiff's limitations is largely consistent with the limitations opined by Plaintiff's treating physician.

In addition, the Court is unpersuaded that Dr. Grinshpun's finding that Plaintiff had "full muscle power" is inconsistent with his limitation findings. Even if Plaintiff retained good muscle strength on examination, this does not diminish the fact that Dr. Grinshpun observed absent deep tendon reflexes everywhere but the biceps, diminished sensation in extremities, a positive bilateral straight left raise, muscle trigger points throughout the neck, shoulders, and back, and hip tenderness. (Tr. 332). Dr. Grinshpun's findings were objective substantiated by the EMG which revealed moderate bilateral median nerve neuropathy at the wrist consistent with both CTS and moderate bilateral chronic multilevel lumbar radiculopathy (right worse than left) and superimposed severe diffuse axonal sensorimotor polyneuropathy. (Tr. 337). For this reason, the

Court finds the ALJ's decision to accord little weigh to Dr. Grinshpun's opinion is not supported by substantial evidence.

As Defendant notes in his brief, the ALJ did not rely on a single opinion supporting his RFC finding, but discounted each physician's opinion in the record, all of which supported greater limitations than found by the ALJ.  While there is no requirement that an ALJ's RFC finding must be directly supported by a physician's opinion, where the ALJ has discounted the opinions of every treating and examining physician who offered an opinion, the Court determines that a fuller explanation of the ALJ's reasoning is in order in this case.  Upon remand, the ALJ is directed to reevaluate the opinion evidence in the record, specifically state the weight accorded to each opinion, and articulate her reasoning with specific, factual support.

As the ALJ's treatment of the opinion evidence on remand may alter her findings at the later steps of the sequential evaluation process, the Court defers from addressing the other issues raised by Plaintiff.

**III.    Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties